[Cite as *Zanesville v. Jones*, 2017-Ohio-1112.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF ZANESVILLE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ERIC M. JONES | : | Case No. CT2016-0025 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Zanesville Municipal
                             Court, Case No. 15CRB00740



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            March 27, 2017



APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

EMILY STRANG TARBERT                DAVID A. SAMS
SCOTT D. EICKELBERGER               Box 40
Assistant Law Directors             West Jefferson, Ohio 43162
City of Zanesville

*Baldwin, J.*

**{¶1}**   Appellant Eric M. Jones appeals a judgment of the Zanesville Municipal Court convicting him of disturbing a lawful meeting in violation of Zanesville Ordinance 509.049(a)(1).   Appellee is the City of Zanesville.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}**   On May 11, 2015, appellant attended the regularly scheduled meeting of the Zanesville City Council.   Appellant filed a petition to speak at the meeting.   Ordinance 84-4 limits speakers to three minutes, unless extended by a majority vote of council.

**{¶3}**   When called upon to speak, appellant referred to members of council as "tyrants" and "traitors," and repeatedly used an offensive racial slur.   He specifically targeted Connie Norman, a twenty-six year member of council, referring to her as the "head reneger."   Tr. 120.

**{¶4}**   Appellant acknowledged when his three minutes had expired.   However, despite being repeatedly asked to stop speaking and informed that he was out of order, appellant continued to speak.   Council was forced to suspend the meeting while waiting for a police officer to remove appellant from the meeting.   His actions disrupted the meeting and delayed other community members from having the opportunity to timely speak before the Council.

**{¶5}**   Appellant was charged with violating Zanesville Ordinance 509.04(a)(1), which is identical to R.C. 2917.12(A)(1).   Following a jury trial, he was convicted as charged.   The trial court fined him $100, and sentenced him to 30 days incarceration, with

all 30 days suspended on condition of appellant remaining a law-abiding citizen for two years.

{¶6}   Appellant assigns a single error on appeal:

{¶7}   "THE CONVICTION FOR DISTURBING A LAWFUL MEETING WAS BASED ON INSUFFICIENT EVIDENCE CONCERNING THE ELEMENT OF 'LAWFUL MEETING.'"

{¶8}   In his sole assignment of error, appellant argues that the city failed to prove that the meeting was conducted in compliance with the open meetings act, which requires advance public notice of the time and place of its meetings.

{¶9}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶10}   Appellant was convicted of violating Zanesville Ordinance 509.04(a)(1), which provides that no person, with purpose to prevent or disrupt a lawful meeting, shall do any act which obstructs or interferes with the due conduct of the meeting.  The term "lawful meeting" is defined by R.C. 121.22(B)(2), which defines a meeting as "any prearranged discussion of the public business of the public body by a majority of its members."

{¶11}   Appellant argues that the City failed to prove that the formalities of the open meeting act were complied with, specifically whether advance public notice of the time and place of the meeting was given.   However, whether or not the formalities of the

Sunshine Laws are strictly complied with is not the determining factor as to whether or not there was a lawful meeting for purposes of the prohibition against disrupting a lawful meeting. *City of Mayfield Heights v. Rhodes,* 8th District Cuyahoga No. 67594, 1995 WL 444447 (July 27, 1995). Pursuant to the definition set forth in R.C. 121.22(B)(2), the meeting need only be a prearranged discussion of public business by council, as opposed to a casual gathering. *Id.*

**{¶12}** In his own testimony, appellant recognized that council met on the second and fourth Mondays of the month, unless such Monday fell on a holiday. Tr. 157. Council president, Dan Vincent, testified that the May 11, 2015, meeting was a regularly scheduled meeting of council, and was open to the public. Tr. 86-87. Further, the minutes of the meeting were admitted into evidence, and set forth that the council met in regular session at 7:00 p.m. on Monday, May 11, 2015.

**{¶13}** The evidence was sufficient to demonstrate that the May 11, 2015, meeting was a lawful meeting as set forth in Zanesville Ordinance 509.04. The assignment of error is overruled.

**{¶14}** The judgment of the Zanesville Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.